### MOSELEY v. OVERTON et al.
### No. 4340.

Court of Appeal of Louisiana. Second Circuit.
Dec. 16, 1932.

Warren Hunt, of Rayville, for appellants.

J. Norman Coon, of Monroe, for appellee.

DREW, J.

Plaintiff alleged that defendant was indebted unto him in the sum of $145 for serv-

ices rendered as a physician, and for the further sum of $100 for services rendered by Dr. B. M. McKoin, whose account he had acquired by notarial act of assignment. He further alleged that defendant is about to leave the state permanently without there being a possibility, in the ordinary course of judicial proceedings, of obtaining or executing judgment against him previous to his departure; that he has concealed himself to avoid being cited and forced to answer; that he has mortgaged, assigned, or disposed of, or is about to mortgage, assign, or dispose of, his property, rights, or credits, or some part thereof, with intent to defraud his creditors; that he has converted, or is about to convert, his property into money or evidences of debt, with intent to place it beyond the reach of his creditors; and that a writ of attachment is necessary to protect the interest of petitioner.

He further alleged that defendant has colluded with his mother, Mrs. A. B. Overton, with intent to defraud petitioner, and has deposited in her name in the Ouachita National Bank, of Monroe, La., certain moneys, the money actually belonging to defendant, and placed in his mother's name to defraud petitioner. He prays for the money so deposited to be held to belong to defendant and subject to seizure, attachment, and garnishment. He prays that Mrs. A. B. Overton be made a party defendant for this purpose; prays for garnishment process on said bank and that said bank be required to answer under oath the interrogatories annexed to the petition; that the writ of attachment issue and be maintained; and for judgment accordingly.

The bank answered the interrogatories by declaring it had in its possession, deposited in the name of Mrs. A. B. Overton by the defendant, the sum of $302.78.

Under the writ of attachment there was seized one automobile, two mules, and some farming implements. Defendants, E. G. and Mrs. A. B. Overton, first filed a plea of lis pendens, which was overruled. They then answered denying each and every article of the petition. Mrs. A. B. Overton intervened in the suit, claiming the automobile, two mules, and farming implements seized under the writ of attachment.

On these issues the case went to trial, resulting in judgment against E. G. Overton in the full sum of $245, with 5 per cent. per annum interest from April 18, 1931, until paid and for all costs of suit. It maintained the writ of attachment sued out and ordered the property seized thereunder sold and plaintiff paid out of the proceeds, by preference and priority. It also rejected the demands of the intervener. Both defendants have appealed. Plaintiff answered the appeal praying for damages for frivolous appeal.

When the case was called for trial in this court, attorneys for all parties being present and announced that the case was submitted on briefs. However, we have not been favored with the brief of appellants. There is nothing in the record to disclose the reason or ground for the plea of lis pendens. It is therefore overruled. Mrs. A. B. Overton did not appear or produce any evidence on her intervention in the lower court, and it was therefore correctly rejected by the lower court.

The proof of the main demand, as well as proof of the allegations necessary for attachment, are ample in the record. An examination of the record, coupled with the fact that appellants have made no appearance, justifies us in finding that the appeal was purely for delay and is a proper case for damages for frivolous appeal.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by allowing an additional 10 per cent. on the amount sued for, as damages for frivolous appeal, and as so amended, that it be affirmed, with costs.